IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN ERICH HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:20-cv-00985 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| TRANS UNION, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Plaintiff Steven Erich Hubbard, a Tennessee resident, filed a pro se Complaint under the Fair Credit Reporting Act ("FCRA") against Defendant Trans Union, LCC. (Doc. No. 1). Hubbard also submitted an application to proceed as a pauper. (Doc. No. 2). This matter is before the Court for a ruling on the application and initial review of the Complaint.

**I. APPLICATION TO PROCEED AS A PAUPER**

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Hubbard's application indicates that he became unemployed in July 2020. (Doc. No. 2). Since that time, Hubbard has been reliant on income from unemployment payments that is substantially exceeded by monthly expenses. (Doc. No. 2). Furthermore, Hubbard reports no significant bank account balance, assets, or discretionary expenses. (*Id*. at 2-5). It therefore appears that Hubbard cannot presently pay the full civil filing fee in advance without undue hardship. Accordingly, the application will be granted.

**II. INITIAL REVIEW OF THE COMPLAINT**

The Court must conduct an initial review of the Complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding *in forma pauperis* are still subject to the screening requirements of § 1915(e)).

**A. Standard of Review**

In reviewing the Complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391
2

F.3d 710, 714 (6th Cir. 2004); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue").

**B. Factual Background**

The Complaint alleges that Defendant reported a "Chapter 13 Bankruptcy Filing" on Plaintiff's credit report despite a court having "closed" Plaintiff's bankruptcy proceedings. (Doc. No. 1 at 4). Plaintiff disputed the report and requested that Defendant change it to "dismissed and/or closed." (*Id.*) In a letter, Defendant disregarded Plaintiff's dispute as "frivolous." (*Id.*) Defendant continues to report Plaintiff's bankruptcy "as open instead of closed." (*Id.*)

Based on these allegations, Plaintiff brings a claim under the FCRA. (*Id.* at 3). He seeks actual damages, statutory damages for willful misconduct, punitive damages, attorney's fees, and costs. (*Id.* at 4).

**C. Analysis**

The FCRA "exists 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Boggio v. USAA Fed. Savings Bank*, 696 F.3d 611, 614 (6th Cir. 2012) (quoting *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007)). It mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The FCRA provides a private right of action against a defendant who "willfully" or "negligently" fails "to comply with any requirement imposed under [the FCRA] with respect to any consumer." *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705 (6th Cir. 2009) (quoting 15 U.S.C. § 1681n(a), o(a)). As relevant here, in order to assert a claim under Section 1681e(b), a plaintiff must plausibly allege: (1) the

3

defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury. *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004).

The Court need not reach these elements, however, because Plaintiff's FCRA claim "can and should be disposed of on standing grounds." *Butt v. FD Holdings, LLC*, 799 F. App'x 350, 353 (6th Cir. 2020). Article III of the Constitution provides that the "judicial power" extends only to "cases" and "controversies," U.S. Const. art. III, § 2, an element of which is standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "Although the term 'standing' does not appear in Article III, [the] standing doctrine is 'rooted in the traditional understanding of a case or controversy' and limits 'the category of litigants empowered to maintain a lawsuit in federal court[.]'" *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 861 (6th Cir. 2020) (quoting *Spokeo*, 136 S. Ct. at 1547). If a plaintiff does not have standing, the Court lacks subject-matter jurisdiction to hear the case. *See Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017).

To establish Article III standing, a plaintiff must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). Concreteness refers to a harm that is "real, and not abstract." *Id.* (citation and internal quotation marks omitted). Congress has the power to identify

4

and define intangible injuries by statute that would not otherwise be actionable in federal court. *Lujan*, 504 U.S. at 578. However, this authority is limited by Article III's requirement that there be some concrete injury even in the context of a statutory violation. *Spokeo*, 136 S. Ct. at 1549; *see also Lyshe*, 854 F.3d at 858 (emphasizing that Congress's power to create intangible injuries "does not eliminate the requirement that a plaintiff actually suffer harm that is concrete").

The rules of Article III standing apply to FCRA claims. Thus, in *Spokeo*, the Supreme Court explained that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation" of the FCRA. *Spokeo*, 136 S. Ct. at 1550. The Court noted that "[a] violation of one of the FCRA's procedural requirements may result in no harm" because "not all inaccuracies cause harm or present any material risk of harm." *Id*. In the wake of *Spokeo*, the Court of Appeals for the Sixth Circuit affirmed dismissal of an FCRA claim that a reporting agency reported "false information" on a credit report on standing grounds because the plaintiff did not allege a concrete injury traceable to the challenged conduct of the reporting agency. *See Butt*, 799 F. App'x at 353; *see also, e.g.*, *Estate of Beaudry v. TeleCheck Servs., Inc.*, No. 3:07-CV-00842, 2020 WL 4530877, at *5-7 (M.D. Tenn. Aug. 6, 2020) (citing *Spokeo* and granting judgment to defendant credit reporting agency on Article III standing grounds because the alleged FCRA violation was nothing more than a "bare procedural violation, divorced from any concrete harm").

Applying these principles here, it is evident that Plaintiff has not alleged *any* concrete harm arising from either Defendant's reporting of his bankruptcy in the manner alleged or Defendant's denial of Plaintiff's dispute. For example, Plaintiff does not allege that his credit report containing the bankruptcy information was requested by anyone, supplied by Defendant to anyone, or that any decision adverse to Plaintiff was made based on the reported bankruptcy information. Accordingly, Plaintiff alleges only that he was personally displeased by Defendants' alleged

5

procedural violation of the FCRA. While the Court sympathizes with Plaintiff's dissatisfaction, this is insufficient to establish that Plaintiff suffered a concrete injury-in-fact. *Spokeo*, 136 S. Ct. at 1548-49; *Butt*, 799 F. App'x at 353; *Estate of Beaudry*, 2020 WL 4530877, at *7. Because Plaintiff has not plausibly alleged that he has Article III standing to bring his claim, this case must be dismissed for lack of subject-matter jurisdiction. *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) ("Article III standing is jurisdictional, and . . . dismissal for lack of subject matter jurisdiction should normally be without prejudice.")

### III. CONCLUSION

Because Plaintiff lacks Article III standing, the Court may not exercise subject-matter jurisdiction over the Complaint. Plaintiff's FCRA claim against Trans Union, LLC will be dismissed without prejudice.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

6